El Pueblo de Puerto Rico, demandante y apelado, *v.* Ramón Agostini (*a*) Yiyi, acusado y apelante.

Núm. 6560.—*Sometido:* Marzo 5, 1937. *Resuelto:* Marzo 5, 1937.

*J. Esteves Gómez,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Ramón Agostini (*a*) Yiyi fué acusado por el fiscal el 21 de enero de 1936 por un delito de portar armas prohibidas, cometido como sigue:

"El referido acusado Ramón Agostini (a) Yiyi, allá en o por el día 11 de enero de 1936, en Añasco, que forma parte del Distrito Judicial de Mayagüez, P. R., ilegal, voluntaria y maliciosamente, portaba sobre su persona, para fines de ofensa y defensa, un puñal, que es un arma mortífera, con el cual se puede causar daño corporal."

El 24 de enero de 1936 se leyó la acusación al acusado alegando éste que no era culpable. Se señaló el juicio para enero 31, 1936. Se celebró practicándose prueba de cargo y de descargo. Basándose en el resultado de la misma, la corte dictó sentencia condenando al acusado a sufrir seis meses de cárcel. El 3 de febrero de 1936 el acusado apeló fijándosele una fianza de $500 para permanecer en libertad provisional.

El 12 de febrero de 1937, o sea, más de un año después de interpuesta la apelación, el secretario de la corte de distrito certificó y elevó a esta Corte Suprema la transcripción que únicamente contiene la acusación, el acto del *arraignment,* la sentencia, el escrito de apelación y la orden sobre fianza— cuatro páginas en maquinilla.

Dicha transcripción fué archivada en este Corte Suprema el 13 de febrero último y hoy al vencerse los veinte días que la ley concede al apelante para presentar su alegato, dicho apelante comparece por medio de su abogado y pide una prórroga de treinta días. El único motivo que se alega para solicitar dicha prórroga es el de que "las múltiples ocupaciones tanto legislativas como profesionales" han impedido al abogado del apelante preparar el documento.

A virtud de los hechos que dejamos expuestos no podemos comprender cómo por múltiples que sean las ocupaciones profesionales y legislativas del abogado, no ha podido formular su alegato en los veinte días que concede la ley contados a partir de la fecha en que la transcripción quedó archivada en esta Corte Suprema.

No es para dilatar la ejecución de la sentencia que la ley concede el derecho de apelación. Es para garantizar a los

acusados la corrección de errores que puedan haberse cometido al dictarse sentencia contra ellos.

Basta un somero examen de los autos para concluir que se trata, prima facie, de una sentencia justa y que la apelación se interpuso con el mero propósito de dilatar su ejecución. Sin embargo, daremos al acusado una oportunidad para destruir la presunción. En tal virtud se le concederá hasta el 15 de marzo actual para renovar su petición de prórroga alegando en ella el motivo fundamental que pueda tener para pedir la revocación de la sentencia. Si tal motivo satisface a esta corte, su discreción será ejercida concediendo la prórroga solicitada, o negándola de otra suerte.